IN THE UNTIED STATES COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**VICKIE FINDLEY,**
    **Plaintiff,**

v.                                                             Civil Action No. 1:10-cv-12-FPS

**CITIMORTGAGE, INC., a corporation
f/k/a ABN-AMRO MORTGAGE
GROUP, INC.; and BANK OF AMERICA, NA,**

    **Defendants.**

## ORDER/OPINION

On June 7, 2010, Plaintiff, Vickie Findley, filed a Motion to Compel discovery from Defendant Citimortgage, Inc. [DE 33]. A review of the docket indicates that Citimortgage has not responded to the Motion to Compel nor have any Certificates of Service been filed indicating additional responses to discovery have been served.

According to Plaintiff's Motion, on March 2, 2010, Plaintiff's counsel wrote a letter to Defendant's counsel, outlining several alleged deficiencies in Defendant's responses to Plaintiff's first discovery requests. On March 29, 2010, Plaintiff and Defendant stipulated that Defendant would have until March 22, 2010, to supplement or otherwise respond to the written communication of March 2, and Plaintiff would have until March 31, 2010, to file a motion to compel. The Court approved the stipulation and entered an Agreed Protective Order.

The Court entered another Order, on May 5, 2010, approving a second stipulation granting Defendant 30 additional days to respond to the discovery requests, and allowing Plaintiff until 30 days after the supplemental response to file any motion to compel.

On May 6, 2010, Defendant "made a supplemental production of some, but not all, of the information sought via the Plaintiff's letter of March 2." (Plaintiff's Motion at 2). According to

Plaintiff, Defendant produced information about loan servicing guidelines, but failed to supplement "the other two areas of inquiry," those being: (a) pooling and servicing agreements, and (b) loan underwriting guidelines.

Although Defendant had originally objected to providing the information, subsequent correspondence indicated Defendant no longer objected to providing the remaining information Plaintiff sought, but hoped to produce the information the following day (Ex. B). On June 2, 2010, Defendant's counsel again indicated that the information sought should be forthcoming the following day (Ex. C).

Although Defendant originally did object to providing discovery in the two remaining areas sought by Plaintiff, the email on May 6, 2010, from Joe Ward to Nathan Fetty clearly states:

> I am still trying to track down the underwriting guidelines applicable in 2002 when the loan was originated, as well as the master selling and servicing agreement and hope to have them to you tomorrow.

(Ex. B).

On June 1, 2010, Mr. Fetty sent an email to Mr. Ward, stating:

> I am checking back with you on this one because I have a deadline for a motion to compel approaching. Where are we with respect to these remaining materials?

Mr. Ward responded that same date:

> I should have some information for you tomorrow. Thanks.

(Ex. C).

As already stated, Defendant Citimortgage did not respond to the Motion to Compel. The Court finds Citimortgage waived its objections to the discovery sought by Plaintiff in the two areas cited above.

Plaintiffs Motion To Compel Discovery From Defendant Citimortgage, Inc. [DE 33] is

therefore **GRANTED**.

Citimortgage is ORDERED to produce complete discovery responses to the Plaintiff's Requests for Production of Documents 3 and 7, on or before July 30, 2010.

Plaintiff has requested fees and costs associated with pursuing this motion. Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, the Court directs Plaintiff to file and serve, on or before July 31, 2010, a motion for fees and costs, including an accounting of fees and costs associated with the motion to compel. Defendant Citimortgage shall file and serve its objections, if any, to Plaintiff's motion and accounting of fees and costs. Only if both a motion for fees and costs AND objection is filed, shall the Court schedule a hearing on the matter.

The Clerk is directed to provide copies of this order to all counsel of record.

It is so **ORDERED.**

Dated: July 14, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE