# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VICKIE FINDLEY,
        Plaintiff,

VS.                                  Case No 1:10CV12
                                      (Judge Stamp)

CITIMORTGAGE, INC., a corporation
f/k/a ABN-AMRO MORTGAGE GROUP, INC.,
and BANK OF AMERICA, NA,
        Defendants

## ORDER/OPINION ASSESSING FEES AND EXPENSES

On June 7, 2010, Plaintiff filed her motion to compel. The Court granted the motion to compel by order entered July 14, 2010. On July 30, 2010, Plaintiff filed her "Motion for Attorneys' Fees and Costs Resulting from Motion to Compel" pursuant to Rule 37 of the Federal Rules of Civil Procedure [Docket Entry 41]. Plaintiff attached affidavits of both counsel, as well as supplemental affidavits of other counsel in the area in support of her motion. Defendant Citimortgage, Inc. ("Defendant") filed its Response to Plaintiff's Motion for Attorneys' Fees and Costs Resulting from Motion to Compel" [Docket Entry 45] on August 13, 2010.

This Court held a hearing in order to provide counsel an opportunity to be heard regarding the motion. Appearing before the Court by telephone was counsel for Plaintiff, Nathan J. Fetty, and counsel for Defendant, Joseph Ward.

Pursuant to Rule 37(a)(5)(A):

> If the motion . . . is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)      the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Defendants first argue the Court should not award fees because the failure to timely produce the requested information was substantially justified and therefore awarding Plaintiff attorneys' fees would be unjust. Defendant states that its delay in producing the information was reasonable given the nature of the information; moreover, circumstances outside Defendant's control played a part in its inability to timely produce the requested information. Most significantly, Defendant argues that Fannie Mae and Freddie Mac had not promptly responded to requests from them seeking confirmation the documents found were the appropriate documents and could be released. However, Defendant admits the documents being sought were the same documents requested in the September 1999 discovery requests; that no objection had been made by Defendant based on the difficulty locating the documents or obtaining authorization from Fannie Mae or Freddie Mac for the release of the documents; and, by the time the issue arose with respect to Fannie Mae and Freddie Mac authorization, the Court had Ordered the documents produced. Defendant further admits that once the Court ordered production, they were produced and Freddie Mac and Fannie Mac did not raise an objection. In short, counsel for Defendants conceded that the Court Order "got the matter moving."

Defendant also argues that Plaintiff's requested discovery fees are excessive because: 1) The hourly rates claimed are well above the market rate in the community; 2) A number of entries are for work not recoverable under Rule 37; and 3) The accounting by Plaintiffs' counsel inadequately documents the work performed. In particular, Plaintiff's requests hourly rates of $250 per hour for Mr. Fetty and $275 per hour for Ms. Bird are excessive, and hours claimed in particular for time spent before the motion to compel was drafted are unrelated to the motion itself.

Plaintiff's counsel argues that their hourly rates are fair and reasonable in connection with the type of case, and are derived to enable them to maintain their services for people who would not be able to otherwise bring these cases. Plaintiff's counsel also stated that he had attempted to set forth with more specificity certain hours claimed. Defendants appear to concede that the billing as augmented by Plaintiff's reply memorandum is adequately specific.

In consideration of all which, and for reasons apparent to the Court and stated on the record, the Court **OVERRULES** Defendant's objection to the award of fees and costs due to substantial justification. The Court does, however, find the fees requested by Plaintiff to be excessive under the circumstances of this matter. In preparation for this hearing the Court reviewed requests that had been granted by this Court in other cases, in which the fees ranged from $148.29, $150.00, and $161.66 for Social Security cases; $195.00 per hour for a motion to compel in another recent civil case; and the rate for CJA panel member, set by Congress at $125.00 per hour. The Court finds this particular matter was not complex, and that the Social Security and criminal matters in particular are far more complex than the present motion to compel. Further, the affidavits supplied by Plaintiffs were by attorneys with much greater experience than the attorneys in this case and involved matters that were much more complex. There is nothing complex about a motion to compel documents requested and not received particularly when, by Protective Order, production is agreed to and the parties agree to argue over relevance and materiality as the case is finally prepared for trial. Upon consideration of all which, the Court finds an hourly fee of $175 to be reasonable under the circumstances.

The Court also finds the hours claimed before June 6, 2010 are outside the timeline for recovering costs pursuant to filing the motion to compel. Again, the motion only involved a determination by Plaintiff's counsel that Defendant did not supply the documents requested and

some correspondence in an attempt to resolve the production issue. Finally, the Court finds fees for one counsel adequate for the billing of June 7, 2010 "discussion w/ co-counsel."

In consideration of all which, the Court believes an attorneys' fee award of $175 per hour for a total of 2.3 hours is fair and reasonable under the circumstances, and awards a total of $402.50 for attorneys' fees and costs.

The Court, therefore, **ORDERS** Defendant Citimortgage, Inc., to pay the sum of $402.50 to counsel for Plaintiffs within thirty (30) days of the entry of this order.

For docketing purposes only, the "Motion for Attorneys' Fees and Costs Resulting From Motion to Compel" [Docket Entry 41] is **GRANTED IN PART AND DENIED IN PART**.

The Clerk of the United States District Court for the Northern District of West Virginia is directed to provide copies of this order to all counsel of record.

Dated: September 27, 2010.

*John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**